UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GHOLAR,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN BROWNLEE, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-01632-DAD-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM<br><br>ECF No. 1<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed November 15, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff sues the attorneys involved in his criminal case and the City of Bakersfield because he "was unlawfully incarcerate[d] due to fact evidence [being] removed and concealed" during his criminal trial." ECF No. 1 at 2-4. Plaintiff's claims may not be brought under § 1983 because "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey* 512 U.S. 477, 486-87 (1994). Therefore, we recommend that plaintiff's claims be dismissed without prejudice.

**I.    SCREENING AND PLEADING REQUIREMENTS**

A district court must screen a prisoner's complaint that seeks relief against a governmental

entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II. THE COMPLAINT**

Plaintiff is a California state prisoner. ECF No. 1 at 1. He names three defendants: John R. Brownlee, district attorney; Mary E. Johnson, public defender; and the City of Bakersfield. *Id.* at 2. The court infers that Brownlee and Johnson acted as the prosecutor and defense attorney, respectively, at the criminal trial that lead to plaintiff's present incarceration. Plaintiff alleges that defendant Brownlee had reports proving plaintiff's innocence but failed to produce these documents for trial. *Id.* at 3. Likewise, plaintiff alleges that defendant Johnson did not enter into evidence two reports that would have exonerated plaintiff. *Id.* As a consequence of defendants'

actions, plaintiff has been "unlawfully incarcerate[d]" for the last eighteen years. *Id.* at 3-4. Plaintiff seeks to bring Due Process and Equal Protection claims, and he prays for the court to enjoin "the District Attorney Office to give plaintiff the original report or copies of [it]." *Id.* at 3.

### III. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). The "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction." *Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007).

Here, plaintiff seeks to bring a § 1983 suit challenging the actions of both attorneys at his criminal trial. If the court rules that plaintiff's constitutional rights were violated at his criminal trial, the ruling would imply that his conviction is invalid. *See Heck*, 512 U.S. at 487. Indeed, plaintiff alleges that he "was unlawfully convicted of a crime that never happen[ed]." *See* ECF No. 1 at 3. Therefore, plaintiff's claims are barred by *Heck v. Humphrey*.

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice, rather than converting it to a habeas petition and addressing it on the merits. *See Balisok*, 520 U.S. at 649; *Heck*, 512 U.S. at 487; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Here, because plaintiff alleges that he was unlawfully

incarcerated, his claim sounds in habeas corpus but the court does not know plaintiff's intent. Accordingly, we will not recommend conversion of plaintiff's defective § 1983 claim into a habeas petition. *See Trimble*, 49 F.3d at 586 ("When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition.").

### IV. RECOMMENDATION

We recommend that plaintiff's complaint, ECF No. 1, be dismissed without prejudice for failure to state a claim for relief. The undersigned submits the findings and recommendations to the district judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: May 20, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203

4